IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

SETH LOGAN,

                              Plaintiff,                    Civil Action No.
                                                           9:18-CV-291 (DNH/DEP)

        v.

SUPERINTENDENT GRAHAM, *et al.*,

                              Defendants.

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

**[last known address]**
SETH LOGAN, *Pro Se*
09-B-0670
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

FOR DEFENDANT:

HON. LETITIA JAMES                      AIMEE COWAN, ESQ.
New York State Attorney General         Assistant Attorney General
The Capitol
Albany, New York 12224

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by *pro se* plaintiff Seth Logan, a former New York State prison inmate who was released from custody on January 7, 2019, and whose current address is not currently known to the court. In his complaint, plaintiff asserts claims against employees of the New York State Department of Corrections and Community Supervision ("DOCCS") for violations of his constitutional rights arising under the First Amendment based upon incidents that arose out of his confinement at the Auburn Correctional Facility.

Currently pending before the court is a letter motion brought by defendants, in which they seek dismissal of plaintiff's claims on the ground that he has failed to comply with his obligation to notify the court and opposing counsel of his current address.[1] According to that letter, counsel for defendants received plaintiff's deposition transcript, and upon attempting to send a copy to him, was unable to do so because he failed to update his address upon his release from the custody of DOCCS on January 7, 2019. Dkt. No. 27 at 1. In addition, the court attempted to serve

---

[1]    While their letter motion was pending with the court, defendants also filed a motion for summary judgment in light of the expiration of the dispositive motion deadline on March 6, 2019. Dkt. Nos. 16, 28.

a text order upon plaintiff. That text order, however, was returned to the court with the envelope having been marked to indicate that plaintiff was released. Dkt. No. 29.

To date, plaintiff has failed to update his address with the court, as well as opposing counsel. Based upon plaintiff's failure to notify the court of his change of address, in violation of this court's local rules, I recommend that his complaint be dismissed.

I.    BACKGROUND

Plaintiff commenced this action on or about March 8, 2018. Dkt. No. 1. Plaintiff's complaint was accompanied by a motion for leave to proceed in this action *in forma pauperis* ("IFP") and a motion for appointment of counsel. Dkt. Nos. 2, 3, 4. At the time of commencement, plaintiff was confined at the Fishkill Correctional Facility, located in Beacon, New York. Dkt. No. 1. Plaintiff demonstrated his understanding of the importance of notifying the court of any changes in his address when, on or about March 19, 2018, plaintiff submitted a Notice of Change of Address indicating that he had been transferred to the Bare Hill Correctional Facility in Malone, New York. Dkt. No. 5.

On May 4, 2018, District Judge David N. Hurd issued a decision and order granting plaintiff's motion for permission to proceed IFP and denying

his request for counsel. Dkt. No. 6. In that same decision and order, Judge Hurd ordered the dismissal of certain of plaintiff's claims for failure to state a claim upon which relief may be granted, and found that the remaining claims should survive the court's initial review pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Dkt. No. 6.

Among other administrative instructions to plaintiff, in his decision Judge Hurd ordered plaintiff "**to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**." Dkt. No. 6 at 32 (emphasis in original). Approximately eight months later, by a notice dated November 15, 2018, plaintiff again evinced his understanding of the importance of notifying the court of any changes in his address by notifying the court that he had been transferred to the Upstate Correctional Facility in Malone, New York. Dkt. No. 26.

By a letter motion dated January 25, 2019, counsel for defendants informed the court that records for the DOCCS reflect that plaintiff was released from custody on January 7, 2019. Dkt. No. 27. While that letter motion was pending, defendants also filed a motion for summary judgment in light of the expiration of the dispositive motion deadline on March 6, 2019. Dkt. Nos. 16, 28.

On March 14, 2019, a text order sent to plaintiff was returned to the court as undeliverable with an indication that plaintiff has been released. Dkt. No. 29. The court subsequently confirmed via the DOCCS public website that plaintiff had been released to parole on January 7, 2019. New York State DOCCS, http://nysdoccslookup.doccs.ny.gov (last visited Mar. 26, 2019).

Despite plaintiff's change of circumstances, he has failed to comply with his obligation to notify the court and opposing counsel of his current address. In light of plaintiff's failure, defendants requested that the court dismiss plaintiff's complaint. Not surprisingly, plaintiff has not responded in opposition to defendants' request.

II.    DISCUSSION

For reasons that are self-evident, this court's local rules require that "[a]ll attorneys of record and *pro se* litigants immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). As one court has observed with respect to this requirement,

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk

5

> informed of any change of address, parties are
> obliged to make timely status inquiries. Address
> changes normally would be reflected by those
> inquiries if made in writing.

*Dansby v. Albany Cty. Corr. Facility Staff*, No. 95-CV-1525, 1996 WL

172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v.*

*King,* No. 84-3310, 1985 U.S. App. LEXIS 31736, at *4 (5th Cir. Mar. 19,

1985)).[2]  Plaintiff was specifically informed of this requirement when he

was provided with Judge Hurd's initial decision and order dated May 4,

2018. Dkt. No. 6 at 32. I note, moreover, during the course of this action,

plaintiff has notified the court on two occasions of a change in his address.

Dkt. Nos. 5, 26.

    Rule 41(b) of the Federal Rules of Civil Procedure provides that a

court may, in its discretion, order dismissal of an action based on a

plaintiff's failure to prosecute or comply with an order of the court.[3]  Fed. R.

Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014);

---

[2]    All unreported decisions cited to in this report have been appended for the convenience of the *pro se* plaintiff.

[3]    Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.' " *Rodriguez*, 2007 WL 4246443, at *2 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Indeed, the local rules of this court recognize this authority and mandate that the court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

*Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. In addition, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff. *Baptiste*, 768 F.3d at 216-17.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of five specific factors, including (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *see also Alvarez v. Simmons Mkt. Research Bureau*, Inc., 839 F.2d 930, 932 (2d Cir. 1988)); *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999).

Based upon careful consideration of the foregoing relevant factors, I conclude that dismissal of plaintiff's complaint at this juncture is warranted. The inability of the court to communicate with plaintiff is due solely to plaintiff's failure to provide the court with his new address. Plaintiff's failure to proceed in this action has a substantial injurious effect on the litigation, and there is no end to plaintiff's inaction in sight. Notably, plaintiff has demonstrated that he is aware of his obligation to notify the court in writing of any changes to his address, having done so on two prior occasions in this action. *See* Dkt. Nos. 5, 26. Despite plaintiff's awareness of his responsibility, he has failed to provide an updated address to the court in the nearly three months since he was released for custody of DOCCS.

Given plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion on the court's docket and the defendant's interest in defending against the claims asserted by the plaintiff outweigh his right to receive a further opportunity to be heard in this matter. As required, I have considered less-drastic sanctions, but reject them as ineffective. For example, I am persuaded that issuing an order reprimanding plaintiff for his conduct would be futile, given that such an order would, in all likelihood, never reach plaintiff due to his failure to

provide the court with a current address following his release from custody.

III.   SUMMARY AND RECOMMENDATION

This matter obviously cannot proceed without notification to the court by the plaintiff of his current address. Since plaintiff has failed to fulfill his obligation to provide such notification, it is hereby respectfully

RECOMMENDED that defendants' motion to dismiss (Dkt. No. 27) be GRANTED and that plaintiff's complaint in this action be DISMISSED in its entirety, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon his failure to prosecute and to comply with this court's orders and local rules of practice; and it further

RECOMMENDED that defendants' motion for summary judgment dismissing plaintiff's complaint (Dkt. No. 28) be DENIED as moot.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[4]  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[4]      If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72; *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

report and recommendation upon the parties in accordance with this

court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:    March 27, 2019
          Syracuse, New York

_____

the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Dansby v. Albany County Correctional Facility Staff, Not Reported in F.Supp. (1996)

1996 WL 172699

1996 WL 172699
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Kevin DANSBY, Plaintiff,
v.
ALBANY COUNTY CORRECTIONAL
FACILITY STAFF, Defendant.

No. 95-CV-1525 (RSP/RWS).
|
April 10, 1996.

**Attorneys and Law Firms**

Kevin Dansby pro se.

*ORDER*

POOLER, District Judge.

**\*1** In an order and report-recommendation dated December 8, 1995, Magistrate Judge Smith noted that Dansby had not signed the complaint he filed to commence this action. Magistrate Judge Smith directed Dansby to submit an affidavit which contained all of the representations delineated in *Fed.R.Civ.P. 11(b)* with respect to his complaint. The magistrate judge recommended dismissal of Dansby's action if Dansby failed to comply with the terms of the report-recommendation within forty-five (45) days from the date of the service.

On December 12, 1995, a copy of the report-recommendation was served on Dansby by regular mail to his last known address, the Albany County Jail. On December 22, 1995, the jail returned the report-recommendation marked "Return to Sender -- No Forwarding Order on File."

*Rule 41(b) of the Federal Rules of Civil Procedure* provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629 (1962). The district court may exercise its discretion to dismiss when necessary to achieve orderly and expeditious disposition of cases.

*See Rodriguez v. Walsh,* 1994 W.L. 9688, at \*1 (S.D.N.Y. 1994).

Moreover, a plaintiff has the duty to inform the Court of any address changes. As the Fifth Circuit has stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King,* No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (citing *Williams v. New Orleans Public Service, Inc.,* 728 F.2d 730 (5th Cir. 1984); *Wilson v. Atwood Group,* 725 F.2d 255 (5th Cir. 1984) (en banc)); *see Wehlen v. Foti et al.,* 1987 W.L. 8039, at \*1-2 (E.D.La. 1987); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without Dansby filing the affidavit described above or notifying the court of his current address. Therefore, it is hereby

ORDERED, that this action is dismissed. *See* Rules 5.4(b)(4) and 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff by regular mail at his last known address.

IT IS SO ORDERED.

**Dansby v. Albany County Correctional Facility Staff, Not Reported in F.Supp. (1996)**

Case 9:18-cv-00291-ML    Document 30    Filed 03/27/19    Page 12 of 16

1996 WL 172699

**All Citations**

Not Reported in F.Supp., 1996 WL 172699

---

**End of Document**                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

2007 WL 4246443
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Jose RODRIGUEZ, Plaintiff,
v.
Glen S. GOORD, et al, Defendants.

No. 9:04-CV-0358 (FJS/GHL).
|
Nov. 27, 2007.

**Attorneys and Law Firms**

Jose Rodriguez, Willard, NY, pro se.

Andrew M. Cuomo, Attorney General of the State of
New York, David L. Cochran, Esq., Assistant Attorney
General, of Counsel, Albany, NY, for Defendants.

## DECISION AND ORDER

FREDERICK J. SCULLIN, Senior District Judge.

 **\*1** The above-captioned matter having been presented to
me by the Report-Recommendation of Magistrate Judge
George H. Lowe filed November 6, 2007, and the Court
having reviewed the Report-Recommendation and the
entire file in this matter, and no objections to said Report-
Recommendation having been filed, the Court hereby

**ORDERS,** that Magistrate Judge Lowe's November 6,
2007 Report-Recommendation is **ACCEPTED** in its
entirety for the reasons stated therein; and the Court
further

**ORDERS,** that Defendants' motion, pursuant to Local
Rule 41.2(b), to dismiss for Plaintiff's failure to provide
notice to the Court of a change of address, is **GRANTED;**
and the Court further

**ORDERS,** that the Clerk of the Court enter judgment in
favor of the Defendants and close this case.

**IT IS SO ORDERED.**

## REPORT-RECOMMENDATION

GEORGE H. LOWE, United States Magistrate Judge.

This *pro se* prisoner civil rights action, filed pursuant to
42 U.S.C. § 1983, has been referred to me for Report and
Recommendation by the Honorable Frederick J. Scullin,
Jr., Senior United States District Judge, pursuant to 28
U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules
of Practice for this Court. Generally, Jose Rodriguez
("Plaintiff") alleges that, while he was an inmate at Oneida
Correctional Facility in 2003 and 2004, ten employees of
the New York State Department of Correctional Services
("Defendants") were deliberately indifferent to his serious
medical needs, and subjected him to cruel and unusual
prison conditions, in violation of the Eighth Amendment.
(Dkt. No. 27 [Plf .'s Am. Compl.].) Currently pending
is Defendants' motion to dismiss for failure to provide
notice to the Court of a change of address, pursuant to
Local Rule 41.2(b) of the Local Rules of Practice for
this Court. (Dkt. No. 86.) Plaintiff has not opposed the
motion, despite having been given more than six weeks in
which to do so. Under the circumstances, I recommend
that (1) Defendants' motion to dismiss be granted, and (2)
in the alternative, the Court exercise its inherent authority
to *sua sponte* dismiss Plaintiff's Amended Complaint for
failure to prosecute and/or failure to comply with an Order
of the Court.

## I. DEFENDANTS' MOTION TO DISMISS

Under the Local Rules of Practice for this Court, Plaintiff
has effectively "consented" to the granting of Defendants'
motion to dismiss, since (1) he failed to oppose the
motion, (2) the motion was properly filed, and (3)
Defendants have, through the motion, met their burden
of demonstrating entitlement to the relief requested in the
motion. L.R. 7.1(b)(3).

In particular, with regard to this last factor (i.e., that
Defendants have met their burden of demonstrating
entitlement to the relief requested), Defendants argue that
their motion to dismiss should be granted because (1)
Local Rule 41.2(b) provides that "[f]ailure to notify the
Court of a change of address in accordance with [Local
Rule] 10.1(b) may result in the dismissal of any pending
action," (2) on April 15, 2004, Plaintiff was specifically
advised of this rule when (through Dkt. No. 5, at 4)
the Court advised Plaintiff that "his failure to [promptly

notify the Clerk's Office and all parties or their counsel of any change in his address] will result in the dismissal of his action," (3) on May 22, 2007, Plaintiff was released from the Willard Drug Treatment Center, (4) since that time, Plaintiff has failed to provide notice to the Court (or Defendants) of his new address, as required by Local Rule 10.1(b)(2), and (5) as a result of this failure, Defendants have been prejudiced in that they have been unable to contact Plaintiff in connection with this litigation (e.g., in order to depose him, as authorized by the Court on May 4, 2007). (Dkt. No. 86, Part 4, at 1-2 [Defs.' Mem. of Law].)

**\*2** Authority exists suggesting that an inquiry into the third factor (i.e., whether a movant has met its "burden to demonstrate entitlement" to dismissal under Local Rule 7.1[b][3] ) is a more limited endeavor than a review of a contested motion to dismiss. [1] Specifically, under such an analysis, the movant's burden of persuasion is lightened such that, in order to succeed, his motion need only be "facially meritorious." [2] Given that Defendants accurately cite the law and facts in their memorandum of law, I find that they have met their lightened burden on their unopposed motion. Moreover, I am confident that I would reach the same conclusion even if their motion were contested.

For these reasons, I recommend that the Court grant Defendants' motion to dismiss.

## II. *SUA SPONTE* DISMISSAL

Even if Defendants have not met their burden on their motion to dismiss, the Court possesses the inherent authority to dismiss Plaintiff's Amended Complaint *sua sponte* under the circumstances. Rule 41 of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a proceeding for (1) failure to prosecute the action and/or (2) failure to comply with the Federal Rules of Civil Procedure or an Order of the Court. Fed.R.Civ.P. 41(b). [3] However, it has long been recognized that, despite Rule 41 (which speaks only of a *motion* to dismiss on the referenced grounds, and not a *sua sponte* order of dismissal on those grounds), courts retain the "inherent power" to *sua sponte* "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also Saylor v. Bastedo,* 623 F.2d 230, 238 (2d Cir.1980); *Theilmann v. Rutland Hospital, Inc.,* 455

F.2d 853, 855 (2d Cir.1972). Indeed, Local Rule 41.2(a) not only recognizes this authority but *requires* that it be exercised in appropriate circumstances. *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge *shall* order it dismissed.") [emphasis added].

### A. Failure to Prosecute

With regard to the first ground for dismissal (a failure to prosecute the action), it is within the trial judge's sound discretion to dismiss for want of prosecution. [4] The Second Circuit has identified five factors that it considers when reviewing a district court's order to dismiss an action for failure to prosecute:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and [5] whether the judge has adequately assessed the efficacy of lesser sanctions. [5]

**\*3** As a general rule, no single one of these five factors is dispositive. [6] However, I note that, with regard to the first factor, Rule 41.2 of the Local Rules of Practice for this Court provides that a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). In addition, I note that a party's failure to keep the Clerk's Office apprised of his or her current address may also constitute grounds for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. [7]

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal. The duration of Plaintiff's failure is some six-and-a-half months, i.e., since April 22, 2007, the date of the last document that Plaintiff attempted to file with the Court (Dkt. No. 85). Plaintiff received adequate notice (e.g., through the Court's above-referenced Order of April 15, 2004, and Defendants' motion to dismiss) that his failure to litigate this action (e.g., through providing a current address) would result in dismissal. Defendants are likely to be prejudiced by further delays in this proceeding, since

they have been waiting to take Plaintiff's deposition since May 4, 2007. (Dkt. No. 84.) I find that the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this action. [8] Finally, I have considered all less-drastic sanctions and rejected them, largely because they would be futile under the circumstances (e.g., an Order warning or chastising Plaintiff may very well not reach him, due to his failure to provide a current address).

**B. Failure to Comply with Order of Court**

With regard to the second ground for dismissal (a failure to comply with an Order of the Court), the legal standard governing such a dismissal is very similar to the legal standard governing a dismissal for failure to prosecute. "Dismissal ... for failure to comply with an order of the court is a matter committed to the discretion of the district court." [9] The correctness of a dismissal for failure to comply with an order of the court is determined in light of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. [10]

Here, I find that, under the circumstances, the above-described factors weigh in favor of dismissal for the same reasons as described above in Part II.A. of this Report-Recommendation. I note that the Order that Plaintiff has violated is the Court's Order of April 15, 2004, wherein the Court ordered Plaintiff, *inter alia,* to keep the Clerk's Office apprised of his current address. (Dkt. No. 5, at 4.) Specifically, the Court advised plaintiff that **"[p]laintiff**

**is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do same will result in the dismissal of this action."** (*Id.*) I note also that, on numerous previous occasions in this action, Plaintiff violated this Order, resulting in delays in the action. (*See* Dkt. Nos. 47, 48, 49, 50, 54, 59, 72, 78, 79 & Dkt. Entry for 12/15/06 [indicating that mail from the Court to Plaintiff was returned as undeliverable].)

**\*4** As a result, I recommend that, should the Court decide to deny Defendants' motion to dismiss, the Court exercise its authority to dismiss Plaintiff's Amended Complaint *sua sponte* for failure to prosecute and/or failure to comply with an Order of the Court.

**ACCORDINGLY,** for the reasons stated above, it is

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 86) be **GRANTED%;** and it is further

**RECOMMENDED** that, in the alternative, the Court exercise its inherent authority to **SUA SPONTE DISMISS** Plaintiff's Amended Complaint for failure to prosecute and/or failure to comply with an Order of the Court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15 [2d Cir.1989] ); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e)..

**All Citations**

Not Reported in F.Supp.2d, 2007 WL 4246443

**Footnotes**

1    *See, e.g., Hernandez v. Nash,* 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8, 2003 WL 22143709 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before an unopposed motion to dismiss may be granted under Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially meritorious* ") [emphasis added; citations omitted]; *Race Safe Sys. v. Indy Racing League,* 251 F.Supp.2d 1106, 1109-10 (N.D.N.Y.2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3] ); *see also Wilmer v. Torian,* 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M .J.) (applying prior version of Rule 7.1 [b][3], but recommending dismissal because of plaintiff's failure to

Rodriguez v. Goord, Not Reported in F.Supp.2d (2007)
Case 9:18-cv-00291-ML    Document 30    Filed 03/27/19    Page 16 of 16
2007 WL 4246443

respond to motion to dismiss *and* the reasons set forth in defendants' motion papers), *adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord, Carter v. Superintendent Montello,* 95-CV-0989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F.Supp. 595 (N.D.N.Y.1996) (Pooler, J.).

2       *See, e.g., Hernandez,* 2003 U.S. Dist. LEXIS 1625 at *8.

3       Fed.R.Civ.P. 41(b) (providing, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant").

4       *See Merker v. Rice,* 649 F.2d 171, 173 (2d Cir.1981).

5       *See Shannon v. GE Co.,* 186 F.3d 186, 193 (2d Cir.1999) (affirming Rule 41[b] dismissal of plaintiff's claims by U.S. District Court for Northern District of New York based on plaintiff's failure to prosecute the action) [citation and internal quotation marks omitted].

6       *See Nita v. Conn. Dep't of Env. Protection,* 16 F.3d 482 (2d Cir.1994).

7       *See, e.g., Robinson v. Middaugh,* 95-CV-0836, 1997 U.S. Dist. LEXIS 13929, at *2-3, 1997 WL 567961 (N.D.N.Y. Sept. 11, 1997) (Pooler, J.) (dismissing action under Fed.R.Civ.P. 41[b] where plaintiff failed to inform the Clerk of his change of address despite having been previously ordered by Court to keep the Clerk advised of such a change); *see also* N.D.N.Y. L.R. 41.2(b) ("Failure to notify the Court of a change of address in accordance with [Local Rule] 10.1(b) may result in the dismissal of any pending action.").

8       It is cases like this one that delay the resolution of other cases, and that contribute to the Second Circuit's dubious distinction as having (among the twelve circuits, including the D.C. Circuit) the longest median time to disposition for prisoner civil rights cases, between 2000 and 2005 (9.8 months, as compared to a national average of 5.7 months). Simply stated, I am unable to afford Plaintiff with further special solicitude without impermissibly burdening the Court and unfairly tipping the scales of justice against Defendant.

9       *Alvarez v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988) [citations omitted].

10      *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) [citations omitted].

---

**End of Document**                                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.