UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SETH LOGAN,

                        Plaintiff,

v.                                              9:18-CV-0291
                                              (ML)

SUPERINTENDENT GRAHAM, Auburn
Correctional Facility; and C.O.
PFLUEGER, Auburn Correctional Facility,

                        Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

LEVENE, GOULDIN LAW FIRM              KATHRYN DONNELLY, ESQ.
  *Pro Bono* Counsel for Plaintiff
450 Plaza Drive
Vestal, New York 13850

LETITIA A. JAMES                                AIMEE COWAN, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Defendants
300 South State Street, Suite 300
Syracuse, New York 13202

MIROSLAV LOVRIC, United States Magistrate Judge

## DECISION and ORDER

Currently before the Court, in this civil rights action filed by Seth Logan ("Plaintiff") against Superintendent Graham and C.O. Pflueger ("Defendants"), is the Court's order to show cause why Defendant Graham should not be dismissed from this action pursuant to the Second Circuit's decision in *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), and Defendants' eighth motion *in limine* to preclude Plaintiff from recovering compensatory damages for mental and

emotional injuries. (Dkt. Nos. 99, 92.) For the reasons set forth below, Defendant Graham is dismissed and Defendants' eighth motion *in limine* is granted.[1]

## I. BACKGROUND

Plaintiff commenced this action on March 8, 2018. (Dkt. No. 1.)

On March 6, 2019, Defendants moved for summary judgment. (Dkt. No. 28.) On February 21, 2020, United States District Judge David N. Hurd adopted the report and recommendation of the undersigned, and granted in part and denied in part Defendants' motion for summary judgment. (Dkt. No. 42.) Relevant here, the Court denied Defendants' motion requesting that Defendant Graham be dismissed from the action, finding that the Supreme Court's decision in *Iqbal* had raised questions about the applicability of the *Colon* factors when considering whether supervisory defendants may be considered personally involved in a constitutional violation pursuant to 42 U.S.C. § 1983. (Dkt. No. 40 at 39.) More specifically, the Court held that a supervising official could not be found liable, for merely rubber-stamping an administrative appeal, but could be found liable if the official proactively participated in reviewing the appeal. (Dkt. No. 40 at 41.) Further, the Court held that an issue of fact remained for trial because the record was devoid of an affidavit or declaration from Defendant Graham setting forth what, if any, involvement he had in reviewing Plaintiff's grievance appeals. (*Id.*)

On September 10, 2021, Defendants filed, *inter alia*, nine motions *in limine*. (Dkt. No. 92.) Among Defendants' requests, was Defendants' eighth motion *in limine*, which requested that Plaintiff be precluded from recovering compensatory damages for mental or emotional injury pursuant to 42 U.S.C. § 1997e(e). (Dkt. No. 92, Attach. 4 at 18-19.) On September 17,

---

[1]   This matter is before me on consent of the parties pursuant to 28 U.S.C. § 636(c) and Northern District of New York Local Rule 73.1. (Dkt. No. 44.)

2021, Plaintiff filed an opposition to four of Defendants' motions *in limine*, including Defendants' eighth motion *in limine*. (Dkt. No. 97.)

On September 20, 2021, the Court issued a text order directing Plaintiff to show cause, in writing, on or before September 27, 2021, why the Court should not *sua sponte* dismiss his action against Defendant Graham in light of *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020). (Dkt. No. 99.)

On September 27, 2021, Plaintiff filed a response in opposition to the Court's order to show cause. (Dkt. No. 100.) In addition, on September 27, 2021, Defendants filed a letter brief in support of dismissing Defendant Graham. (Dkt. No. 101.)

A trial is scheduled to commence in this matter on October 5, 2021. (Dkt. No. 96.)

## II.   THE PARTIES' BRIEFING ON DEFENDANTS' EIGHTH MOTION *IN LIMINE*

### A.   Defendants' Eighth Motion *in Limine*

Generally, Defendants argue that, in the absence of physical injury allegations, Plaintiff's emotional injury claims should be dismissed to the extent that he seeks compensatory damages for constitutional violations, pursuant to 42 U.S.C. § 1997e(e) (the "PLRA"). (Dkt. No. 92, Attach. 4 at 18.) Defendants argue that Plaintiff testified that he did not suffer any physical injury (Dkt. No. 28, Attach. 5 at 77) and courts in the Second Circuit have routinely held that even physical manifestations of emotional injuries are not "physical injuries" for purposes of the PLRA. (*Id.* at 18-19.) Defendants argue that, as a result, Plaintiff should be precluded from presenting testimony and evidence relating to compensatory damages for any alleged mental or emotional injuries suffered caused by the alleged constitutional violations. (*Id.* at 19.)

### B. Plaintiff's Response in Opposition

Generally, in opposition to Defendants' eighth motion *in limine*, Plaintiff argues that compensatory damages are a form of relief available to a successful plaintiff under 42 U.S.C. § 1983, and Plaintiff will ask the jury to award him compensatory damages based on his mental anguish and emotional distress suffered as a result of his claims. (Dkt. No. 97 at 5.) In addition, Plaintiff argues that additional corroboration is not required and Plaintiff's testimony alone may provide a sufficient basis for mental anguish and emotional distress damages. (*Id*.)

## III. THE PARTIES' BRIEFING ON THE COURT'S ORDER TO SHOW CAUSE

### A. Plaintiff's Response

Generally, in response to the Court's order to show cause why Defendant Graham should not be dismissed from the case, Plaintiff argues that an issue of fact remains for trial whether Defendant Graham merely rubber-stamped the hearing outcome on Plaintiff's grievance regarding the retaliatory nature of Defendant Pflueger's firing of him as a feed-up porter. (*See generally* Dkt. No. 100.) Plaintiff argues that Defendant Graham reviewed Plaintiff's other grievances and should be imputed with knowledge of inmate Agosto's complaint to the Office of the Inspector General. (*Id*. at 5.) As a result, Plaintiff argues that "there is a reasonable inference that Defendant Graham directly participated in the alleged constitutional violation, or created, or allowed to continue a policy or custom under which the violation occurred, i.e., to more adequately review the hearing decision or properly supervise staff." (*Id*.)

### B. Defendants' Response

Generally, in response to the Court's order to show cause, Defendants argue that Defendant Graham should be dismissed. (*See generally* Dkt. No. 101.) More specifically, Defendants argue that even if Defendant Graham proactively participated in reviewing Plaintiff's

4

grievance, that is insufficient to establish personal involvement. (*Id*.) Defendants argue that Plaintiff's other grievances cannot form the basis of a supervisory claim against Defendant Graham because the underlying constitutional violations regarding those grievances have been dismissed. (*Id*. at 3.) In addition, Defendants argue that no discovery was completed related to inmate Agosto's complaint and there is no evidence in the record that Defendant Graham knew about the complaint, reviewed the complaint, or had any responsibility to act on the complaint. (*Id*.) Defendants argue that Plaintiff has not alleged that Defendant Graham was involved in Defendant Pflueger's alleged firing of Plaintiff from his position in retaliation for the grievance dated May 10, 2015. (*Id*. at 4.)

## IV.     ANALYSIS

### A.     DEFENDANTS' EIGHTH MOTION *IN LIMINE*

The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e).[2] "The Second Circuit has recognized that this provision is not a bar to all claims in which a physical injury has not been established, but is a bar to anything more than nominal damages and potentially punitive damages." *Walker v. Schult*, 463 F. Supp. 3d 323, 339-40 (N.D.N.Y. 2020) (Stewart,

---

[2]     Although Plaintiff is no longer incarcerated, 42 U.S.C. § 1997e(e) still applies because he was incarcerated when the action was commenced. *See Harris v. Garner*, 216 F.3d 970, 985 (11th Cir. 2000) (holding that because the plaintiffs were incarcerated when they commenced the action, notwithstanding the fact that they were released from confinement during the pendency of the action, 42 U.S.C. § 1997e(e) applied "with full force and effect to them."); *Kelsey v. Cnty. of Schoharie*, 04-CV-0299, 2005 WL 1972557, at *1-2 (N.D.N.Y. Aug. 5, 2005) (Homer, M.J.) (holding that § 1997e(e) is "clearly limit[ed] . . . to individuals who are incarcerated when an action is commenced."); *see also Andujar v. Fischer*, 09-CV-0489, 2010 WL 786298, at *4 (N.D.N.Y. Mar. 2, 2010) (Mordue, C.J.) (holding that the plaintiff "was not confined at the time the suit was filed in 2009, he was released on parole, thus the statutory language of § 1997e(e) is inapplicable.").

M.J.) (citing *Toliver v. City of New York*, 530 F. App'x 90, 93 n.2 (2d Cir. 2013); *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002); *Robinson v. Cattaraugus Cnty.*, 147 F.3d 153, 162 (2d Cir. 1998); *Lopez v. Zouvelos*, 13-CV-6474, 2015 WL 5657361, at *21 n.18 (E.D.N.Y. Sept. 23, 2015)).

The Second Circuit held that this statute encompasses federal civil rights actions brought to vindicate constitutional rights, noting—in *dicta*—that the weight of authority holds that it includes First Amendment claims. *Thompson v. Carter*, 284 F.3d at 417.

Plaintiff testified that he did not suffer any physical injury (Dkt. No. 28, Attach. 5 at 77:4-6), he is thus barred, pursuant to 42 U.S.C. § 1997e(e) from recovering compensatory damages. *See Amaker v. Goord*, 06-CV-490A, 2015 WL 3603970, at *1-2 (W.D.N.Y. June 5, 2015) (holding that "although the Court has no doubt that plaintiff suffered injury as a result of defendants' violation of his free exercise rights pursuant to the First Amendment," he was barred from seeking compensatory damages pursuant to 42 U.S.C. § 1997e(e) and was limited to nominal and punitive damages); *Eng v. Blood*, 04-CV-1146, 2008 WL 2788894, at *4 (N.D.N.Y. July 17, 2008) (Mordue, C.J.) (permitting "a narrowly tailored presentation of evidence of plaintiff's emotional and/or psychological condition . . . reasonably related to the alleged retaliatory action for the limited purpose of the jury's consideration, if it is to give any, of nominal or punitive damages."). However, Plaintiff may recover nominal and/or punitive damages if there is a finding of liability for retaliation pursuant to the First Amendment.

As a result, Defendants' eighth motion *in limine* is granted.

B.     **DEFENDANT GRAHAM**

After carefully considering the matter, Plaintiff's remaining claim against Defendant Graham is dismissed for the reasons stated in Defendants' letter brief. (Dtk. No. 101.) The following is intended to supplement, not supplant, Defendants' reasons.

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). In order to prevail on a section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "[D]irect participation as a basis of liability in this context requires intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal*.*" *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (internal quotation marks omitted).

Courts in this circuit routinely hold that "the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement. Therefore, a prison official may not be found liable for a constitutional violation merely because of the acts of those under his control." *Kinch v. Artuz*, 97-CV-2419, 1997 WL 576038, at *2 (S.D.N.Y. Sept. 15, 1997) (citing *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). Thus, supervisory officials may not be held liable for their subordinates' constitutional violations merely because they are in a position of authority. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996); *see also Colon*, 58 F.3d at 874 (holding that the fact that the defendant occupied a high-ranking position in the New York prison hierarchy, without more, was insufficient to establish personal involvement). Before the Supreme Court

ruled in *Ashcroft v. Iqbal*, 556 U.S. 62 (2009), the Second Circuit held that supervisory personnel may be considered "personally involved" only if

> (1) the defendant participated directly in the alleged constitutional violation;
>
> (2) the defendant, after being informed of the violation through report or appeal, failed to remedy the wrong;
>
> (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom;
>
> (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or
>
> (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873 (citing *Wright*, 21 F.3d at 501 (additional citation omitted)).

In *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), the Second Circuit addressed how the Supreme Court's decision in *Iqbal* affected the standards in *Colon* for establishing supervisory liability.  Consistent with other circuits, the Second Circuit concluded that "there is no special rule for supervisory liability," and held that a "plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, had violated the Constitution.'"  *Tangreti*, 983 F.3d at 618.[3]  The Second Circuit explained that, "'the factors necessary to establish a [§ 1983] violation will vary with the constitutional provision at issue'

---

[3]   Before *Tangreti*, various courts in the Second Circuit have postulated how, if at all, the *Iqbal* decision affected the five *Colon* factors which were traditionally used to determine personal involvement.  *Pearce v. Estate of Longo*, 766 F. Supp. 2d 367, 376 (N.D.N.Y. 2011) (Hurd, J.) (recognizing that several District Courts in the Second Circuit have debated *Iqbal*'s impact on the five *Colon* factors), *rev'd in part on other grounds sub nom., Pearce v. Labella*, 473 F. App'x 16 (2d Cir. 2012) (summary order); *Kleehammer v. Monroe Cnty.*, 743 F. Supp. 2d 175, 185 (W.D.N.Y. 2010) (holding that "[o]nly the first and part of the third Colon categories pass *Iqbal*'s muster. . . ."); *D'Olimpio v. Crisafi*, 718 F. Supp. 2d 340, 347 (S.D.N.Y. 2010) (disagreeing that *Iqbal* eliminated *Colon*'s personal involvement standard).

because the elements of different constitutional violations vary. The violation must be established against the supervisory official directly." *Id*. (quoting *Iqbal*, 556 U.S. at 676). "District courts discussing *Tangreti* agree that the decision invalidated the *Colon* test and mandates that a plaintiff must establish a violation against the supervisory official directly." *Fabrizio v. Smith*, 20-CV-0011, 2021 WL 2211206, at *10 (N.D.N.Y. Mar. 10, 2021) (Lovric, M.J.) (collecting cases), *report and recommendation adopted*, 2021 WL 2211023 (N.D.N.Y. June 1, 2021) (Suddaby, C.J.).

It is undisputed that Defendant Graham was, at all times relevant to the remaining claim in this action, a supervisory official. Plaintiff's response to the order to show cause makes clear that his basis for establishing Defendant Graham's personal involvement is that after receiving Plaintiff's grievance, he failed to remedy Defendant Pflueger's wrong. (Dkt. No. 100.) However, in light of the Second Circuit's decision in *Tangreti*, this is insufficient to establish Defendant Graham's personal involvement. *See Johnson v. Cook*, 19-CV-1464, 2021 WL 2741723, at *12 (D. Conn. July 1, 2021) (holding that the warden's "sole action . . . was to deny [the p]laintiff's grievance against Officer Sendzik after the incident involving Officer Sendzik's transphobic remarks had concluded. [The p]laintiff's allegation, which bespeaks of neither direct nor indirect involvement in Officer Sendzik's course of conduct, is insufficient to support a purported violation of [the [p]laintiff's . . . rights."); *Walker v. Martuscello*, 18-CV-1189, 2021 WL 3173871, at *13 (N.D.N.Y. June 21, 2021) (Hummel, M.J.) (holding that "no evidence, admissible or otherwise, indicates that . . . inmates were deprived of Jumu'ah services in 2015 based on Supt. Martuscello's 'own individual actions'" and thus, dismissing the plaintiff's claims against Supt. Martuscello), *report and recommendation adopted by* 2021 WL 3165362 (N.D.N.Y. July 26, 2021) (Sannes, J.); *Fabrizio*, 2021 WL 2211206, at *10 (holding that the

"[p]laintiff's attempt to plead personal involvement based upon the denial of a grievance and/or appeals, lacks merit because it does not plausibly suggest '[t]he factors necessary to establish' a First Amendment retaliation claim."); *Smart v. Annucci*, 19-CV-7908, 2021 WL 260105, at *5 (S.D.N.Y. Jan. 26, 2021) (holding "[t]hat Annucci and Joseph failed to act on [the p]laintiff's complaints, and that Venettozzi denied [the p]laintiff's administrative appeal, cannot support the inference that these [d]efendants, through 'their own individual actions, [have] violated the Constitution.'"). There is no evidence in the record or before the Court that Defendant Graham was involved in terminating Plaintiff from his position as a feed-up porter in retaliation for his grievance dated May 10, 2015.

As a result, Plaintiff's claim against Defendant Graham is dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' eighth motion *in limine* (Dkt. No. 92, Attach. 4 at 18-19) is **GRANTED** and Plaintiff is precluded from recovering compensatory damages for mental and emotional injury at trial; and it is further

**ORDERED** that Plaintiff's claim against Defendant Graham is **DISMISSED**.

Dated: September 28, 2021
Binghamton, New York

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge